## In re SANDWALL.
### Patent Appeal No. 3034.

Court of Customs and Patent Appeals.
Dec. 19, 1932.

George B. Jones, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The Primary Examiner finally rejected the single claim of appellant's application for a patent on improvements in water tube steam boilers. The rejection was affirmed by the Board of Appeals of the United States Patent Office, and appeal is taken here from the decision of the Board.

Claim 3 reads as follows: "3. A water tube steam boiler comprising in combination water tubes lying in a slight inclination, head-

ers to which said water tubes are connected at both ends in groups, said headers being bent at an angle at the middle and being mounted in an approximately horizontal position in such manner that the two ends of each header are higher than the middle portion of the header, said headers being piled on top of each other, a steam drum located above said water tubes, and a number of connecting tubes each of which connects one end of one of said headers directly to said steam drum, the tubes connecting said steam drum to the headers attached to the higher situated ends of the inclined water tubes being attached to the end walls of such headers in such manner that said connecting tubes pass out from such headers substantially in the longitudinal direction of the same and in substantially the same inclination as said headers."

The references relied upon are: Slack et al. (Brit.), 16742, of 1899; Muller (Swedish), 27423, of 1907; Park, 620872, Mar. 7, 1899.

The application relates to a water tube steam boiler having inclined water tubes secured at the inner walls of the headers, which headers are bent at an angle in the middle into a V-shape with the point of the V directed downwards. At each end of the headers is an outlet opening which has about the same diameter as the water tubes, and from these outlets connecting tubes lead to the drum or boiler.

It is not denied that each of the features which appellant claims marks the difference between his invention and other boilers is shown in the prior art.

Slack shows the inclined water tubes secured to the headers which are piled above each other and tubes connect each header with the steam boiler or drum.

The other features of appellant's application are shown partly in Muller and partly in Park. This is not denied by appellant.

Appellant contends that the merits of his invention have been recognized in trade, and that great success has followed the adoption of the principles of the application. There is no showing in the record of commercial success, but in this court, as before the Patent Office tribunals, this feature has been stressed in brief and in oral argument.

The two tribunals of the Patent Office held that there was in appellant's application no invention shown over the prior art. This is the sole question in the case. The Board of Appeals said: "We have given careful consideration as to the many matters ad-

vanced orally and in the brief setting forth that the structures of the references have not gone into use and that appellant's construction has, and is proving particularly efficient. It is well settled that arguments of this nature are only pertinent where the question of invention is close and some doubt arises as to a possible patentable distinction. In our opinion in the instant case the references show clearly that the subject-matter of the claim is unpatentable in accordance with the standards of invention in this country. We can see no reason why one skilled in the art with the patents to Park or Muller before him would not receive the suggestion of the advantage of modifying the structure shown in Fig. 8 of Slack et al. in order to provide a structure in which the fluid would flow more readily and the possibility of steam pockets will be avoided."

It is not clear to us that the decision of the Board of Appeals, affirming that of the Examiner, is erroneous. It may be that boilers built in accordance with the application of appellant are superior to those built in accordance with either of the patents cited, but we cannot agree that it required inventive skill to take the various features of the prior art and combine them as appellant has done.

The decision of the Board of Appeals is affirmed.

Affirmed.